IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**LOLIETTE O. MCKINNEY**                                                    **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.: 3:15-cv-040 MPM-JMV**

**TUNICA COUNTY SHERIFF OFFICE;**
**TUNICA COUNTY;**
**AND JOHN AND JANE DOES 1-2**                                             **DEFENDANTS**

### AMENDED COMPLAINT

### A JURY TRIAL IS DEMANDED

**COMES NOW** Plaintiff, LOLIETTE O. MCKINNEY, (also referred to as Plaintiff) and

brings this action against the captioned Defendants.  As more specifically set forth below, Plaintiff has

been subjected to sexual harassment during her employment, and/or retaliation in the form of

retaliatory discharge for reporting and opposing sexual harassment, and/or retaliation for reporting

disability and requesting reasonable accommodation in violation of the American's with Disabilities

Act of 1990 Section 503, and/or violations of the Americans With Disabilities Act of 1990 generally,

and/or sexual harassment culminating in a tangible employment action. (Plaintiff makes separate

claims and causes of action for each of the above under Federal Laws and State Law).  Unless

otherwise stated, "Defendant" or "Defendants" shall also refer to all Defendants captioned above, as

well as all Defendants to be named (to the extent Plaintiffs agree to proceed against them).  The

actions of the Defendants described herein constitute violations of Title VII of the Civil Rights Act

of 1964 as amended, 42 U.S.C. § 2000 et seq. as amended, violations of the ADA, 42 § U.S.C. 12101

et seq. (including but not limited to Section 503 of the Act, 42 § U.S.C. 12203) as well as, the Civil

Rights Act of 1991 (42 U.S.C. § 1981a) providing rights to certain types of damages in cases such as

this, as well as violations Mississippi law along with other violations which are specifically alleged below. This is to allege PLAINTIFF is entitled to all recoverable costs, amounts, damages provided for under all above-referenced laws, and State Law.

## PARTIES

1.      Plaintiff is an adult resident of Tunica County, and resides at 2669 Kirby Road, #503, Robinsonville, Mississippi 38664 currently and during her time of employment with Defendant.

2.      Defendant, Tunica County, may be served with process by and through president or Clerk of the Board of Supervisors, Rechelle R. Siggers, Tunica County Chancery Clerk at 1300 School Street, Tunica, MS 38676 or wherever else Defendants may be found (and through whatever agent and location Defendants may be served by).

3.      Defendant, Tunica County Sheriff Office, may be served care of the Tunica County Sherriff K.C. Hamp at the Tunica County Sheriff Office 5126 Old Mhoon Landing Road, Tunica, MS 38676.

4.      Plaintiff reserves the right to amend this Complaint to assure proper parties are before the Court, (and the proper registered agent is noted and served, and that the proper places of business are noted). This shall also serve as Plaintiff's motion to substitute parties as needed to assure proper party names are before the Court to the extent Plaintiff seeks to amend or substitute parties or party names. All Defendants are, within all parts of this Complaint, referred to as "Defendant" or "Defendants" unless otherwise noted. Unless otherwise noted, "Defendant" shall refer to all Defendants whether or not it is used in the plural or singular. Defendant or Defendants are also meant to refer to the proper parties and proper party names for those named-captioned Defendants and others responsible for the actionable conduct giving rise to State and Federal Law violations referred to herein to the extent Plaintiff later agrees also to proceed against them. **For the purposes of all**

2

parts of this Complaint, and all references contained herein, any mention of (or reference to) the Tunica County Sheriff Office shall also name and refer to the Tunica Mississippi Sheriff's Office, the Tunica County Sheriff's Department, or other similar names commonly used for Defendant entity.

### JURISDICTION AND VENUE

5.        At all relevant times hereto Tunica County and The Tunica County Sheriff Office have been entitie(s) engaged in an industry affecting commerce within the meaning of Section 701(b), through (h) of Title VII, 42 U.S.C. §2000e(b) through (h) (and any related subsections), and other relevant sections of law.  In the alternative, Defendants otherwise fall under the jurisdiction of State and Federal laws noted above and below. All damages and losses are sought to be recovered according to all provisions allowing or addressing recoverable damages set forth in the above-mentioned laws. Plaintiff incorporates, in her prayer for relief below, all provisions of the above-mentioned laws defining and describing the types of damages and categories of damages she may recover pursuant to all State and Federal laws referred to in this Complaint. She specifically claims she is entitled to recover all such available damages recoverable under all State and Federal Law referred to in this Complaint, (or otherwise implicated by the facts or causes of action) all of which are sought pursuant to this Complaint whether or not specifically noted below. The civil rights violations, state law violations, and wrongful employment practices perpetuated by Defendants (including but not limited to discrimination, retaliation, breaches of contract, and all conduct, facts, occurrences, acts or omissions providing any basis for legal action) shall hereafter also be referred to as "actionable conduct". This Honorable Court has jurisdiction of this matter (due to federal questions according to 28 USC § 1331) and venue is proper according to 28 USC § 1391.  Venue is otherwise proper according all other relevant sections of law.  All amounts in controversy requirements are met as Plaintiff prays for relief

in excess of the minimum jurisdictional amounts of this Court. This Honorable Court also has jurisdiction over State Law Claims pursuant to 28 USC § 1367 and all other relevant law.

6.      Plaintiff has satisfied all administrative conditions prior to the commencement of this action, by filing a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff was issued a Right to Sue letter dated 12/9/14. (The Charge, Right to Sue, reasonably believed to be in Defendant's possession are attached to this Amended Complaint and hereto as *Exhibit "A"* collectively. They are incorporated while Plaintiff reserves the right to provide any additional alternate or explaining details).

7.      All Counts, claims, causes of action, allegations, statements, and theories of recovery are alleged in the alternative to each other, and also in addition to each other. The matters herein are set forth while reserving the chance to provide alternate or additional explaining details. Nothing herein shall be deemed as waiving requirements of notice pleading. Unless otherwise stated in the heading of the Count or within the Count, all Counts, and claims within them, are meant to be applicable to all Defendants and are to be read as if alleged against each Defendant. For the purposes of this document, the term "Complaint" shall refer and relate to this Amended Complaint and not the original Complaint.

## STATEMENT OF FACTS

8.      Plaintiff worked for Defendant beginning on or about May 31, 2003. At the time of her separation from employment, she held the position of lieutenant. Plaintiff worked under Sheriff K.C. Hamp, who is reasonably believed to be substantially and ultimately responsible for one or more material decisions not to allow Plaintiff to remain at the location giving rise to this action, and/or keeping her off work. Those other individuals noted herein, worked under him in positions of authority over Plaintiff and are substantially responsible. In engaging in the actionable conduct giving

rise to this Amended Complaint, all persons responsible acted in such a manner so as to hold Defendant vicariously liable.

9.      In June 2013 Dwight Woods, male, and Captain, began made a sexual comment to Plaintiff.  He thereafter continued to regularly make sexually harassing comments including but not limited to references to Plaintiff's body type, and her rear-end.  The comments were sexually harassing, inappropriate, offensive, and unwelcomed. They occurred at various times and locations during work.

10.     On or about August 15, 2013, Dwight Woods physically assaulted Plaintiff in an offensive, sexually harassing, unwelcomed, and degrading manner.  Specifically, he attempted to grab, and in fact grabbed, Plaintiff's breasts.  Plaintiff was humiliated and resisted the conduct.

11.     On or about August 19, 2013, Dwight Woods, by all reasonable indications as a result of Plaintiff's opposition to his sexually harassing conduct, denied Plaintiff assistance on a case.  The actions of Dwight Woods constituted hostile work environment, sexual harassment and retaliation for Plaintiff opposing the sexual harassment.  In the alternative and in addition, the physical assault of a sexual nature on or about August 15, 2013 in and of itself constituted a sufficiently severe, actionable incident of sexual harassment.  The conduct was, and should reasonably have been construed as, assaulting, unacceptable by any reasonable analysis, emotionally distressing, damaging, and causing Plaintiff disability.

12.     Plaintiff in fact suffered a disability due to the sexual harassment because the sexual harassment had understandable mental and emotional effects upon her in the form of significant emotional distress, and other related symptoms.  These symptoms constituted a disability within the meaning of the Americans with Disabilities Act.  In the alternative and in addition, Plaintiff's claims under Federal and State laws aside from her claims under ADA, exist regardless of whether or not it is determined that Plaintiff suffered from a disability within the meaning of the ADA. Regardless of

any characterization of what Plaintiff experienced, she suffered significant and emotional distress due

to the civil rights violations and actionable conduct referred to herein. Her disability limited her ability

to work in the environment with Dwight Woods without suffering significant emotional distress that

limited her in her work and well-being so as to meet the requirements of disability within the meaning

of the ADA.

13.     While Plaintiff suffered emotional distress as a result of having to work around

Defendant Dwight Woods, Defendant apparently acknowledged Dwight Woods should be separated

from the employment and he was therefore discharged before Defendant forced Plaintiff to leave the

job against her will in retaliation for her reports as stated below.

14.     Plaintiff's emotional distress and emotional symptoms continued during the time after

the Defendant Dwight Woods left the employment but Plaintiff was ready, willing, and able to

perform her work notwithstanding the fact she reported the emotional distress, sexual harassment,

and that Defendant was aware of these things. Plaintiff did not ask to take off work at the time, nor

was it in her interest to do so. Defendant was apparently able to accommodate Plaintiff's condition

(even though she was in emotional distress) especially given the fact that Dwight Woods was no longer

there.

15.     Plaintiff reported sexual harassment and disability in the form of emotional distress,

but she clearly indicated she was able to work at the location. Plaintiff opposed the sexual harassment

at all times. Prior to October 7, 2013 Plaintiff performed her regular job duties as required.

16.     On or about October 7, 2013, after reporting emotional distress, as well as after

reporting and opposing sexual harassment, Plaintiff was informed by Defendant Adriana Williams,

Defendant Cedric Davis, and Defendant Eugene Bridges that it would be best for her to be off.

Plaintiff disputed this because there was no reason she could not work without Woods even though

she suffered distress because of him-it was a reasonable accommodation for her to be allowed to work without Dwight Woods. Commander Bridges then told Plaintiff that the reason she was asked to leave the employment was because he claimed Plaintiff was going to snap. Defendant had no adequate basis to assume Plaintiff was unable to perform her job duties in an environment without Defendant Dwight Woods. The direction that Plaintiff be off work was in fact due to her reporting and opposing sexual harassment, its emotional distress and related symptoms.

17.     Defendant, by and through the actions of the above, took adverse employment action against Plaintiff as a result of Plaintiff reporting and opposing sexual harassment and the results thereof. In the alternative and in addition, Plaintiff was subject to adverse employment action as a result of reporting a disability. Plaintiff requested to remain at the job and therefore be accommodated.

18.     Defendant essentially forced Plaintiff to be separated from the employment under circumstances causing her to loss certain benefits of work, and pay. While it is reasonably believed Defendant did not officially say it terminated Plaintiff and therefore should have continued to employ and accommodate Plaintiff, Plaintiff began suffering further emotional distress and symptoms as a result of the job loss and substantial hardship.

19.     Plaintiff sought treatment for her emotional distress after her departure from employment, and while she was advised off work for a brief time, she was undoubtedly able to return to work at all times after late January 2014.

20.     Following the events referred to above, Plaintiff regularly sought to return to work and Defendant refused to allow her to do so. Plaintiff thereafter underwent medical examinations supporting the fact that she should have been returned to work by at least late January 2014. Defendant refused to allow Plaintiff to return to work. Plaintiff was advised that the Sheriff was in control of whether she could return. It is reasonably believed he never allowed her to, notwithstanding

her attempts to return. Plaintiff was never allowed to be reevaluated by Defendant even though Defendant should have been aware of other credible mental health care professional's opinions that she should have been able to work.

21.     Plaintiff argues that she was subject to tangible employment action in the form of essentially being terminated. In the alternative and in addition, regardless of whether Plaintiff was or was not officially terminated, she was prevented from earning wages. In the alternative and in addition, Plaintiff was essentially discharged. In the alternative and in addition, Plaintiff was constructively discharged. Plaintiff was otherwise wrongfully separated from the employment for legally actionable reasons as stated herein.

22.     At one point Defendant told Plaintiff that she could not return to work until she was cleared for duty. Credible medical opinions thereafter supported that Plaintiff should have been allowed to return to work, and should have been accommodated.

23.     Plaintiff suffered further significant emotional distress and other damages as more fully described above and below herein as a result of Defendant's tangible employment action due to a sexually harassing work environment.

24.     In the alternative and in addition, Defendant's hostile work environment result in tangible employment action and resulted in Plaintiff being separated from the employment.

25.     In the alternative and addition, Defendant terminated Plaintiff's employment in retaliation because Plaintiff complained of sexual harassment.

26.     In the alternative and addition, Defendant terminated Plaintiff's employment because Plaintiff reported disability but requested to be accommodated by being allowed to work there in an environment without Defendant Dwight Woods.

27.     In the alternative and addition, Plaintiff was terminated due to her disability.

28.     Defendant's stated reasons for termination and any reasons it claimed or may claim were pretextual for termination due to a sexually hostile work environment resulting in tangible employment action, her termination.

29.     In the alternative and in addition, Defendant's stated reasons for termination and any reasons it claimed or may claim were pretextual for termination due to retaliation, under Title VII (and in the alternative and in addition) under the ADA and/or due to Defendant failing to reasonably accommodate a disability as required by the ADA.

30.     Plaintiff reserves the right to set forth that any stated reasons for termination are and were not the true reasons and that the true reasons were due to the sexually hostile work environment due to sexual harassment, or in the alternative and in addition, due to retaliation, and in the alternative and addition due to disability discrimination.

31.      In the alternative and in addition to the above allegations, Plaintiff was subject to conditions ending her employment for discriminatory and/or retaliatory reasons.  Plaintiff suffered losses as more fully described above and below.

32.   Should Defendant claim Plaintiff failed to take advantage of or avail herself of corrective opportunities (which Plaintiff denies based on what he reasonably understood to be available opportunities), Plaintiff was not unreasonable when considering all circumstances as a whole. (Plaintiff reserves the right to deny she failed to adequately take advantage of or avail herself of corrective opportunities when all circumstances are considered as a whole).  Plaintiff acted reasonably when considering all facts.

33.     In the alternative to the above and in addition to the other allegations, Defendant did communicate adequate policies, procedures and/or practices adequately and sufficiently.  In the alternative and in addition, Defendant did not carry out adequate policies, procedures, and/or

practices sufficiently and adequately. In the alternative and in addition, Defendant's policies, procedures, and/or practices were not adequate when considering all factors. In the alternative and in addition, Defendant offered one or more complaint procedures that were wholly inadequate, ineffective, and legally infirm.

34.     In the alternative and in addition to the allegations in the prior paragraph, the sexually harassing and discriminatory work environment essentially allowed one or more inadequate avenues to complain.

35.     The sexual harassment was so severe or pervasive. The sexual harassment occurred in the form of comments prior to Plaintiff's assault that occurred regularly throughout the time Plaintiff worked there. In the alternative and in addition, regardless of whether the sexual harassment would be considered pervasive prior to August 2013, it culminated in August 2013 as a result of a severe instance of sexual harassment. Plaintiff therefore claims that she has causes of action for sexual harassment in the form of a hostile work environment prior to the assault. In the alternative and in addition she claims causes of action for sexual harassment in the form of a severe instance of sexual harassment as an assault. (For the purposes of this Complaint, the term assault is not used in any way that would impose any obligations upon Plaintiff to prove that elements of a criminal assault were present although the actions very likely appear criminal. The assault was nevertheless an unpermitted, offensive, and sexually harassing contact). AS A DIRECT AND PROXIMATE RESULT OF ALL ACTIONS AND INACTIONS REFERRED TO ABOVE AND BELOW, PLAINTIFF SUFFERED AND CONTINUES TO SUFFER LOSSES AS MORE FULLY DESCRIBED HEREIN.

## CAUSES OF ACTION

### COUNT I:
### SEXUAL HARASSMENT CLAIMS
### (CLAIMS OF SEX DISCRIMINATION UNDER TITLE VII)

36.     Plaintiff re-alleges and incorporates all averments set forth above as if fully incorporated here.  Defendant entities are vicariously liable for the claims in this Count. The individual Defendants are also liable under this count such that all Defendant are liable individually and together. Defendants are alleged to have violated section 703 of Title VII, 42 U.S.C. § 2000e-2 (and following provisions of law) as well as implicating all other statutory provisions which might and do address the actionable conduct given it occurred as a result of sex discrimination (and related actionable conduct). This action therefore arises under Title VII of the Civil Rights Act of 1964 as Amended including but not limited to the Civil Rights Act of 1991 providing rights to certain types of damages in cases such as this, and any relevant sections of the above laws addressing the type of claims, claims for losses and damages, jurisdiction, and any other matter relevant to the allegations.  (This action also arises in part under State Law as referred to in the other Counts).  Defendant is alleged to have violated the same laws implicating Plaintiffs right to recovery pursuant to them.  She seeks to recover damages available under all above mentioned statutory law or other similar law which may provide relief.

37.     Defendant subjected Plaintiff to a hostile work environment, severe or pervasive sexual harassment, as a result of the sexually harassing environment for which Defendant is legally responsible.

38.     Plaintiff was treated adversely as a result of sexual harassment in the environment substantially affecting her and the work environment, with regard to the terms, conditions, and privileges of employment due to actionable conduct.   Further Plaintiff was subject to actionable conduct which was sexually harassing as part of a hostile work environment Defendant knew of and

should have known about and is vicariously responsible for. The sexual harassment included but was not limited to sufficiently severe harassment in the form of assault occurring on August 15, 2013.

39.     Plaintiff makes separate claims for each act of sexual harassment perpetuated upon her. Plaintiff makes separate claims under the above laws for each act of sexual harassment referred to in this Complaint, and which may be illustrated in discovery. Plaintiff makes claims for sexual harassment prior to her discharge, and also resulting in tangible employment actions when she was discharged and/or separated from employment by Defendant against her will. Plaintiff makes separate claims for sexual harassment prior to the assault and also in the form of the assault. Even if Defendant disagrees that she was discharged, Defendant's actions in not allowing her to work as described above render Defendant liable for damages.

40.     As a direct and proximate result of Defendant's unlawful, discriminatory conduct toward Plaintiff, Plaintiff has suffered losses as more fully described in the above and below provisions of this Complaint incorporated herein. The losses and damages referred to in this paragraph are also meant to include and incorporate any losses and damages noted, plead, and referred to in other parts of the Complaint.

41.     Defendant's acts and omissions were in reckless disregard of the statutory and legal rights of Plaintiff to be free from actionable conduct under state and federal law. In the alternative Defendant acted wantonly willfully and in reckless disregard for Plaintiffs rights to be free from actionable conduct under state and Federal Law which resulted in damages including but not limited to Plaintiff's discharge and those resulting therefrom.

## COUNT II:
## CLAIMS BASED ON ACTS OF RETALIATION UNDER TITLE VII

42.     Plaintiff re-alleges and incorporates all averments set forth above and below as if fully incorporated here. This Count is alleged against all Defendants individually and together. Plaintiff

12

was treated adversely with regard to the terms and conditions of Employment when she was retaliated against by Defendant due to complaining about conduct believed to be discriminatory (opposing it). She was retaliated against following the time she complained. She suffered adverse employment actions and losses as a direct and proximate result of Defendant's response to the same. Plaintiff was retaliated against before she was essentially discharged and she was ultimately and essentially discharged for reporting and opposing sexual harassment. In the alternative and in addition, she was not allowed to work under circumstances rendering Defendant liable.

43.     Defendant is alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), as amended including but not limited to the Civil Rights Act of 1991 providing rights to certain types of damages in cases such as this, and/or all other provisions which would address the actionable conduct or provide remedies therefore. Plaintiff had a right to be free from the effects of retaliatory practices in her employment relationship and/or agreement with Defendant.

44.     Plaintiff makes separate claims for each act of retaliation perpetuated upon her following each separate time complaining (opposing). Plaintiff makes separate claims under section 704 of Title VII and Title VII as amended for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery. Plaintiff therefore makes claims for the retaliation in the form of her not being allowed to work due to reporting and opposing sexual harassment. Plaintiff claims all available damages under all Federal (and State Law) referenced in this Complaint.

45.     As a direct and proximate result of Defendant's unlawful, conduct toward Plaintiff, Plaintiff has lost wages, and has been retaliated against by adverse employment action, as well as suffered other losses as more fully described in all other parts of the Complaint including the provision

13

reading "Wherefore Premises Considered". The losses and damages referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in other parts of the Complaint including but not limited to the paragraph reading "Wherefore Premises Considered…."

46.     Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff. She reserves the right to claim they were legally wanton or willful under legal arguments related to facts which Plaintiff may set forth in this action.  Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to his constructive discharge and those that resulted therefrom.

**COUNT III:**
**CLAIMS UNDER THE AMERICAN WITH DISABILTIES**
**ACT OF 1990, 42 U.S.C. § 12101 ET SEQ.**

47.     The above and below allegations, facts, and provisions are incorporated herein. The clams in this Count are brought in the alternative and in addition to claims in the other Counts.

48.     When Plaintiff suffered the emotional distress as a result of the sexual harassment referred to above, she experienced and suffered a disability within the meaning of the ADA.

49.     The Defendant was fully aware that Plaintiff suffered this disability, yet should have also been aware that Plaintiff could have been and should have been accommodated.  It was a reasonable accommodation for Plaintiff to be allowed to work at the location especially considering that the individual who assaulted her was removed from the employment.

50.     Notwithstanding the above, Defendant acted to discriminate against Plaintiff by refusing to permit her to work.

51.     Plaintiff therefore makes claims under the Americans with Disabilities Act of 1990 as amended (including but not limited to 42 U.S.C. § 1981a providing rights, rights of recoverable damages, and all other avenues of recovery) for Defendant removing her from the employment

and/or otherwise not permitting her to remain at the location notwithstanding the fact Defendant could have allowed her to remain even though she reported emotional distress as described above and constituting disability. Defendant took such actions as a result of Plaintiff's disability.

52.     Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff. She reserves the right to claim they were legally wanton or willful under legal arguments related to facts which Plaintiff may set forth in this action. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her separation from Employment and those that resulted therefrom.

**COUNT IV:**
**CLAIMS UNDER THE AMERICAN WITH DISABILTIES**
**ACT OF 1990, FOR RETALIATION, 42 U.S.C. § 12203 ET SEQ.**

53.     In the alternative and in addition to claims under the ADA for disability discrimination, (and in the alternative and in addition to claims in other Counts) Plaintiff also claims Defendant violated 42 U.S.C. Section 12203, Section 503 of the ADA as amended (including but not limited to 42 U.S.C. § 1981a providing rights, rights of recoverable damages, and all other avenues of recovery). Plaintiff reported sexual harassment, and the emotionally distressing results thereof, and as a result was terminated. In addition to her claims in the above paragraphs of this Count for Defendant failing to reasonably accommodate her, Plaintiff also brings SEPARATE CLAIMS for retaliation under the ADA's anti-retaliation provision due to Defendant's retaliation against her for reporting disability and for Defendant's actionable conduct as stated above and below.

54.     Plaintiff makes these claims for disability discrimination and retaliation in the alternative and in addition to her claims that she was subject to State Law violations, sexual harassment, and retaliation for reporting sexual harassment.

55.     Plaintiff makes separate claims for each act of disability discrimination and/or retaliation perpetuated upon her.

15

56.     Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff. She reserves the right to claim they were legally wanton or willful under legal arguments related to facts which Plaintiff may set forth in this action.  Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her separation from Employment and those that resulted therefrom.

## COUNT V:
## BREACHES OF CONTRACT UNDER STATE LAW

57.     The above and below allegations, facts, and provisions are incorporated herein.

58.     Plaintiff and Defendant entered into an arm's length transaction whereby Plaintiff would work for Defendant regardless whether or not all terms and conditions are integrated into writing and regardless of whether it was "employment at-will".

59.     The Employment agreement, at the very least, contained certain terms and conditions in this Count. Plaintiff agreed to work for Defendant. There was a binding employment agreement. Regardless of whether it was "at will" it was subject to certain terms and conditions binding on the parties prior to Plaintiff's forced separation from the job location.  In the alternative and in addition it was subject to certain terms and conditions requiring that Plaintiff would not be terminated (or otherwise separated) as part of tangible employment action due to sexual harassment, and/or in retaliation for either complaining about sexual harassment or for reporting disability.  In the alternative and in addition, the agreement contained and/or should be reasonably construed to contain that Plaintiff should not have reasonably expected to be subject to sexual harassment or disability discrimination as described above.

60.     The employment agreement was required and/or should have been required to follow all applicable law and separately not to allow the existence of and/or perpetuation of conduct such as the kind which occurred.  The employment agreement between the parties contained and/or should have contained the terms that Plaintiff would not be subjected to a discriminatory or an actionable

environment containing the conduct she experienced, in working at Defendant. The agreement should have reasonably included and/or included that sexually harassing, retaliatory, discriminatory, and other actionable conduct and practices described in this Complaint would not be perpetuated on or towards Plaintiff would not be caused upon Plaintiff. The agreement also contained the express and implied obligation of good faith and fair dealing in carrying out reasonable terms and conditions that Plaintiff would not be subject to harassment, discrimination, and/or conduct which was otherwise threatening, disrespectful, emotionally distressing, and otherwise like the conduct which occurred (Defendant owed a duty to Plaintiff pursuant to the agreement to work there, not to engage in **all** above-mentioned conduct in the Complaint whether or not Defendant claims conduct was sexually harassing, discriminatory, or retaliatory within the meaning of Federal Civil Rights Law). Plaintiff incorporates all above and below provisions.

61.     In addition, the employment arrangement between the parties required that they be allowed a reasonable work environment that did not risk actionable losses or injuries to Plaintiff (nor involve actionable conduct). Defendant acted to cause such losses as described above and below. Defendant furthermore breached the agreement by allowing the environment described above which was discriminatory, and tortuous.

62.     Defendant breached contractual obligations to Plaintiff to provide a work environment that did not subject her to the losses and damages referred to here, OR the sexual harassment OR retaliation. Defendant caused losses as more fully described above and below in this Complaint.

**DAMAGES INCLUDING BUT NOT LIMITED TO**
**PUNITIVE DAMAGES FOR ALL COUNTS**

63.     Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein. Plaintiff suffered losses and damages as set forth below and incorporated

herein from the section beginning "WHEREFORE PREMESIS CONSIDERED…." She also preserves a claim for punitive damages for conduct which was willful and/or wanton and/or in reckless disregard for her civil rights as well as in reckless disregard for the above law (as she alleges the conduct was). Defendant acted in reckless disregard for her civil rights and for the law in its actionable conduct giving rise to State and Federal claims. Defendant breached its agreements with Plaintiff willfully, wantonly, and in reckless disregard for her civil rights.

**CONSOLIDATED PRAYER FOR RELIEF TO BE APPLICABLE TO ALL ABOVE SEPARATE CLAIMS INDIVIDUALLY AND TOGETHER. (THE BELOW IS INCORPORATED INTO ALL ABOVE COUNTS AND CLAIMS AND DEMANDED AS A RESULT OF THE ACTIONABLE CONDUCT DESCRIBED ABOVE).**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY **PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial on each separate claim(s). Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each count, claim, or cause of action, and for each element of damages below which she alleges she suffered TO THE FULLEST EXTENT ALLOWED UNDER EACH COUNT, IN ADDITION TO OTHER DAMAGES AVAILABLE UNDER LAW WHETHER COMPENSATORY OR OTHERWISE Plaintiff incorporates all language above setting forth the damages she seeks and sums she alleges she is entitled to recover AND in addition prays for:

1.     Plaintiff prays for front pay, back pay, lost wages, lost value of employment benefits of any kind, lost value of incidentals and other pecuniary losses proximately caused by Defendant's unlawful conduct as well as fair compensation for the acts and omissions referred to.

2.      Plaintiff prays for Other Damages against Defendant in a total amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount; Those damages include but are not limited to all available compensatory damages and other damages available including but not limited to compensation for past, present, and future emotional distress; psychological or emotional losses; past present and future out of pocket costs and attorney fees; past present and future loss of enjoyment of life; past present and future pain and suffering; past present and future mental anguish; past present and future lost wages; past present and future loss of wage earning capacity; incidental costs of finding employment and seeking redress; costs related to any medical or health care treatment (mental and/or physical) occurring AND/OR which has occurred AND/OR which might be expected to occur AND/OR for that which Plaintiff might seek compensation for; other incidental costs and expenses, and all other costs and expenses recoverable. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible, and Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to his discharge from employment and those losses that resulted therefrom. Plaintiff prays for all other compensatory, punitive, and other damages she may legally recover.  Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees, costs and expenses of this action, and any other damages and sums allowed to be recovered under actions brought pursuant to all above Federal Laws and Mississippi Law; and

3.      Plaintiff prays for punitive damages against Defendant in an amount to be determined by the jury to the fullest extent warranted given the nature of Defendant's conduct as described herein;

4.      Plaintiff prays that the entire costs of this action be assessed to Defendant.

5.      Plaintiff prays for such further relief as is deemed just and proper and prays for all damages of all types which she is permitted by law to recover.

## JURY TRIAL DEMAND

### Plaintiff requests a jury trial on all matters

### raised by the Complaint as Respectfully Stated Herein

RESPECTFULLY SUBMITTED, this the 31st day of March, 2015.

**FOR THE PLAINTIFF**,
**LOLIETTE O. MCKINNEY**

BY:*s/Michael R. Brown, Esq.*
MICHAEL R. BROWN, ESQ.

OF COUNSEL:
Michael R. Brown, Esq., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, Mississippi 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com